UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM WYRICK, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:14-cv-501-JMS-MJD |
| | ) | |
| LOWE'S HOME CENTERS, LLC, *et al.*, | ) | |
| *Defendants.* | ) | |

## **ORDER**

On April 2, 2014, Defendant Lowe's Home Centers, LLC ("Lowe's") filed a Notice of Removal, removing Plaintiff James William Wyrick's state court action to federal court. [Filing No. 1.] Lowe's alleges that this Court can exercise diversity jurisdiction over this action, but several of its jurisdictional allegations are deficient. [Filing No. 1.]

First, Lowe's alleges that Mr. Wyrick is a resident of Indiana. [Filing No. 1.] Residency and citizenship are not the same, and it is citizenship that matters for purposes of diversity jurisdiction. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Second, Lowe's alleges that it is a North Carolina citizen because it is incorporated in North Carolina with its principal place of business in North Carolina. [Filing No. 1.] But the citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner" and "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 542-43 (7th Cir. 2003).

Third, although Lowe's makes representations regarding its assessment of the amount in controversy, it does not represent that it exceeds $75,000 "exclusive of interest and costs" as required by 28 U.S.C. § 1332. [Filing No. 1 at 3.]

Finally, the Court notes that Lowe's correctly points out that although Mr. Wyrick sued Lowe's employee "John Doe" in state court, Mr. Doe's citizenship is disregarded for purposes of removal. [Filing No. 1 at 2]; 28 U.S.C. § 1441. Pursuant to binding Seventh Circuit precedent, however, "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell v. Tribune Entertainment Co. v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) ("this court cannot presume that [ABC Corporations] 1-10 are diverse with respect to the plaintiff"). This case is a good example of why that rule exists—in all likelihood Mr. Wyrick and the "John Doe" employee who worked at the Lowe's store in Kokomo are both Indiana citizens. If that is true, diversity jurisdiction will be destroyed if Mr. Wyrick names Mr. Doe as a party to this action once he is identified.

For these reasons, the Court **ORDERS** the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement, or competing jurisdictional statements if they cannot agree on the contents of a joint statement, by **April 21, 2014** setting forth the following in detail:

- Mr. Wyrick's citizenship;

- Lowe's citizenship;

- Whether the amount in controversy at the time of removal exceeded $75,000, exclusive of interest and costs;

- Whether Mr. Wyrick intends to name the individual sued as "John Doe" as a party to this lawsuit once he is identified; and

- Whether the parties agree to dismiss Defendant Lowe's Home Improvement from this action, considering counsel's representation in her notice of appearance that such entity is improperly named, [filing no. 2]. If they do not agree to dismiss Defendant Lowe's Home Improvement, the jurisdictional statement should set forth the citizenship of that party.

Compliance with this order will satisfy Mr. Wyrick's obligations under Local Rule 81-1.

**Distribution via ECF only**:

William E. Beck, II
bbecklaw@aol.com

Robert David Epstein
EPSTEIN COHEN SEIF & FLORA
rdepstein@aol.com

Kristen M. Carroll
KIGHTLINGER & GRAY
kcarroll@k-glaw.com